UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLOTTE DRUEDING,<br><br>      Plaintiff,<br> v.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,<br><br>      Defendant. | CASE NO. 22-CV-00155-LK<br><br>ORDER GRANTING MOTION TO WITHDRAW |

   This matter comes before the Court on Neal Bonrud and the Law Offices of Neal Bonrud PLLC's Motion to Withdraw as counsel for Plaintiff Charlotte Drueding. Dkt. No. 20. It is unclear whether Plaintiff Charlotte Drueding objects to Bonrud's withdrawal, although counsel represents that Plaintiff "has been advised to obtain" a new attorney. *Id.* at 2. Defendant Travelers Home and Marine Insurance Company did not file a brief in opposition. *See* LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). For the reasons stated below, the Court grants Bonrud's Motion to Withdraw.

ORDER GRANTING MOTION TO WITHDRAW - 1

## I. INTRODUCTION

Plaintiff sued Travelers Insurance in February 2022 after it refused to pay a contractor's bid to repair water damage in her condominium. *See* Dkt. No. 1-2 at 2–4. Keller Rohrback LLP originally represented Plaintiff and continued to do so when Bonrud first associated as counsel in May 2022. Dkt. No. 20 at 2. Keller Rohrback and Bonrud jointly represented Plaintiff until June, when Keller Rohrback withdrew. Dkt. No. 17. Bonrud has been Plaintiff's sole counsel since then. On August 18, 2022, however, he too moved to withdraw. He claims that he can no longer represent Plaintiff and comply with his ethical obligations under Washington Rules of Professional Conduct ("RPC") 1.4, 2.1, and 8.4. Dkt. No. 20 at 2. Bonrud and Plaintiff allegedly "have a material and irreconcilable difference of opinion over tactics and strategy and how the case should be prosecuted." *Id.* According to Bonrud, Plaintiff has repeatedly "fail[ed] to cooperate" with him and there has been a "breakdown [in] productive communications." *Id.*; *see also id.* at 4 ("While the details are privileged, the breakdown has affected prioritization and execution of important matters and tasks necessary to the effective prosecution of the case in accord with deadlines, requirements, and duties to the Court.").

## II. DISCUSSION

An attorney must seek leave of court before withdrawing from representation except in certain circumstances that do not apply here. *See* LCR 83.2(b)(1). Although the attorney "will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case," *id.*, the Court "retains wide discretion" to grant or deny the motion, *Putz v. Golden*, No. C10-0741-JLR, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012) (technical compliance with the Local Rule "does not guarantee that counsel will be permitted to withdraw"). The consent of the client is not dispositive. *Id.* Rather, the Court must consider "several factors when evaluating a motion to withdraw, such as: (1) the reasons why withdrawal is sought; (2) the prejudice

withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Covington v. German Wise Dental LLC*, No. 3:20-CV-06173-LK, 2022 WL 1719133, at *2 (W.D. Wash. May 27, 2022) (cleaned up).

None of these factors weigh against withdrawal here. As an initial matter, Bonrud's motion complies with the requirements of Local Civil Rule 83.2(b)(1). It includes a certification that Bonrud served the motion on Plaintiff and opposing counsel, and it lists Plaintiff's address and telephone number. Dkt. No. 20 at 5; Dkt. No. 21 at 1; *see Covington*, 2022 WL 1719133, at *2. Bonrud also moved to withdraw more than 60 days prior to the close of discovery in this case. *See* Dkt. No. 13 at 2 (close of discovery is October 28, 2022). And as of today's date, over a month and a half remains "for Plaintiff to seek new counsel and both parties to work toward the timely completion of discovery." *Wagner v. King Cnty.*, No. 2:21-CV-00508-TL, 2022 WL 268831, at *2 (W.D. Wash. Jan. 28, 2022). Courts have permitted withdrawal in circumstances less ideal than those here. *See, e.g.*, *Washington v. Starbucks Corp.*, No. C08-1144-JCC, 2009 WL 10675531, at *1 (W.D. Wash. May 18, 2009) (permitting withdrawal even though attorneys made their request to withdraw less than 60 days before the discovery cutoff date); *Wild Bainbridge v. Mainlander Servs. Corp.*, No. C04-5054-BHS, 2008 WL 2230712, at *2 (W.D. Wash. May 29, 2008) (permitting withdrawal even though counsel moved to withdraw one day after the discovery cutoff date).

With respect to the first factor, and as previewed above, the Court finds that Bonrud has presented sufficient reasons to grant withdrawal. Communications have apparently declined to the point of a complete breakdown, Plaintiff has ceased cooperating with her counsel, and there exists a fundamental disagreement about case strategy. *See Anhing Corp. v. Thuan Phong Co. Ltd.*, No. CV-13-05167-BRO (MANx), 2014 WL 12591456, at *2 (C.D. Cal. Dec. 2, 2014) (permitting

withdrawal two weeks before trial where counsel "demonstrated [an] inability to litigate [the] matter competently due to his client's refusal to cooperate with him"). Bonrud has further alleged that continued representation of Plaintiff would conflict with his obligations under the RPC. *See* Wash. R. Pro. Conduct 1.16(a)(1) (a lawyer "shall" withdraw from representation if the representation will result in a violation of the RPC).

The remaining three factors do not otherwise counsel against withdrawal. The Court discerns nothing in either the record or Bonrud's motion that suggests an unacceptable risk of prejudice to Travelers Insurance or opposing counsel, harm to the administration of justice, or an unacceptable delay in the resolution of this case. Nor do Plaintiff or Travelers Insurance claim otherwise. *See Russell v. Samec*, No. 2:20-CV-00263-RSM-JRC, 2021 WL 3130053, at *1 (W.D. Wash. July 23, 2021) ("No party has opposed the motion to withdraw or claimed that the withdrawal would cause prejudice. In light of these circumstances, although the withdrawal is after the discovery cutoff date, the Court will nevertheless grant the motion.").

### III.   CONCLUSION

The Court therefore GRANTS counsel's Motion to Withdraw. Dkt. No. 20. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Plaintiff at her last known address. *See id.* at 5.

Dated this 13th day of September, 2022.

Lauren King
United States District Judge